**In the Matter of James T. HOLMES d/b/a the Holmes Company and Bertha June Holmes, his wife, Debtors.**

**James T. HOLMES and June B. Holmes, his wife, and Earl C. Clark and Charlotte Clark, his wife, and CMH Manufacturing, Plaintiffs,**

v.

**P. Blair McCORD and Lou Ann McCord, his wife, and W. Hall McCord and Agnes McCord, his wife, and Security Peoples Trust Company, Defendants.**

**Bankruptcy Nos. 81–00007, 00105. Adv. No. 81–0253.**

United States Bankruptcy Court, W. D. Pennsylvania.

Jan. 22, 1982.

---

**2.** 1 Norton Bankr.L. & Prac. § 27.28.

**3.** *Id.*

**4.** *Id.*

Floyd L. Arbogast, Jr., Pittsburgh, Pa., for plaintiffs.

William R. Brown and MacDonald, Illig, Jones & Britton, Erie, Pa., for defendant, Security Peoples Trust Co.

Ted J. Padden and Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for defendants, P. Blair McCord and W. Hall McCord.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

Creditors of James T. Holmes d/b/a The Holmes Company filed a petition in involuntary bankruptcy against said debtor January 8, 1981 at No. 81–00007 in the within Court, and thereafter said James T. Holmes d/b/a The Holmes Company and Bertha June Holmes, his wife, filed a voluntary petition under Chapter 13 of the Bankruptcy Code at No. 81–00105 therein. The Court consolidated the cases under the above bankruptcy caption March 11, 1981, having previously on March 3, 1981 appointed R. Perrin Baker Chapter 13 trustee in the debt adjustment proceeding. On May 7, 1981 the Court entered an Order after several hearings denying confirmation of the debtors' proposed Chapter 13 Plan and converting the Chapter 13 case to a Chapter 7 proceeding; also, appointing R. Perrin Baker, Esq., former Chapter 13 trustee, as interim trustee in the consolidated Chapter 7 cases.*

The debtors, together with Earl C. Clark and Charlotte Clark, his wife, and CMH Manufacturing, a Pennsylvania limited partnership, had filed an action against the Security Peoples Trust Company and P. Blair and W. Hall McCord in the within adversary proceeding in the Court of Common Pleas of Erie County, Pennsylvania in October, 1980, prior to the institution of the referred to bankruptcy proceedings on the ground as stated in paragraphs 10, 12, 13, 23 and 24 of their complaint that the defendants conspired to close down the plaintiffs' business and liquidate its assets "for whatever reason" and that said action was deleterious to unspecified contractual and property rights of the plaintiffs and caused them great damage; that "the Defendants, acted in a careless and negligent manner in regard to the rights and property of Plain-

---

* The debtors filed an Appeal from the foregoing Order adjudicating them under Chapter 7 of the Bankruptcy Act, and refusing confirmation of the Chapter 13 Plan of Adjustment which was dismissed September 14, 1981 by the Honorable Gerald J. Weber, Chief United States District Judge inter alia by reason of appellants' failure to designate the contents of the record under Bankruptcy Rule 806.

tiffs in conspiring to close down CMH Manufacturing and sell its assets without any notice to Plaintiffs and by not acting in accordance with the law provided for such procedures". The case was removed by the plaintiffs to the within Court pursuant to the provisions of 28 U.S.C. § 1478 and is before us on the defendants' Motion to Dismiss on the ground that the complaint does not set forth a cause of action.

The defendant limited partnership was comprised of the debtor, James T. Holmes, and one Earl C. Clark, as general partners, and the co-defendants P. Blair McCord and W. Hall McCord as limited partners, in the enterprise known as CMH Manufacturing which was formed to manufacture a grape harvesting machine as to which general partner Clark had acquired and/or applied for one or more patents. To finance the enterprise the general partners and partnership had borrowed $350,000 from the Security Peoples Trust Company and $50,-000 from the National Bank of North East in addition to an earlier loan of $150,000 from The First National Bank of Pennsylvania which was paid off in the last refinancing of the obligation by the Security Peoples Trust Company after a history of refinancings in successively larger amounts and failures of the obligors to make payments when due and requirements of additional capital to keep the business afloat, which loans were granted on the credit of the McCord brothers, responsible North East businessmen. It is alleged that all of the limited and general partners and their wives executed notes and obligations of guaranty of the various notes of the partnership and general partners which are admitted to have become in default in paragraph 9 of the complaint before the seizure and sale of the equipment and assets of the business by the defendant bank against which it had perfected security interests in addition to judgments constituting liens against real estate of the plaintiffs Holmes and his wife as to which executions had been stayed by the Court of Common Pleas before the filing of the bankruptcies.

The allegations of conspiracy between the bank and the McCord brothers, limited partners, appear to consist primarily of an alleged "understanding" between the McCords and the Bank not substantiated in the depositions in which the former requested the bank to "shut down the business" as averred in paragraph 24 of the complaint.

Depositions taken of the plaintiffs, Holmes and Clark, show that the Company had made no profits for a period of five years and their business had lost $102,000 in the annual period before the assets were seized and the business padlocked. The allegation in paragraph 15 of the Complaint that the Company had enough assets on deposit in the Security Peoples Trust Company to bring the obligations current on the date the business was padlocked are unequivocally contradicted by an uncontradicted affidavit of a bank officer that the balance in the debtors' accounts were $23.00 on the date possession was taken and had not exceeded $100.00 for a period of months prior thereto (plaintiff's counsel declined an opportunity accorded him by the Court at the oral argument to contradict this allegation by testimony or compelling production by the bank of its records of the account). Plaintiffs' counsel admits in his brief that the requirements for establishing a civil conspiracy "are as stated in the briefs submitted by each of the defendants" which are as follows under the decisions of the appellate courts of Pennsylvania inter alia in *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979) (from pages 5 and 6 of the bank's brief and page 6 of McCords'):

"a. An agreement between the McCords and Security Peoples Trust Company to do something unlawful, or to do a lawful act by unlawful means.

"b. The intent to injure.

"c. An overt act done in furtherance of the common purpose or design.

"d. Actual legal damages resulting from this act.

"e. No justification for the action taken."

Although the plaintiffs aver in paragraph 21 that the defendants advised third parties

who desired to make a lump sum offer for the assets such offer would have to be approved by the McCords, it is not averred any offers were made in a sufficient amount to defray the indebtedness, and although it is averred in paragraph 11 that the padlocking was accomplished without notice to the plaintiffs, it is stated in paragraph 19 that the public auction conducted by Delmas Chesley & Sons as auctioneers was advertised and the sale was held August 29, 1980 obviously with full knowledge of the plaintiffs who had prior thereto been apprised of the inadequate lump sum offers for the assets as stated in paragraph 21. The general allegations of withholding the records of the defendant concerning the accounts receivable in which the bank had a security interest, misdirection of mail and negligent procedures without regard to the plaintiffs' property and "contractual" rights without specifying in what manner the unspecified acts or procedures were unlawful or not within the compass of the bank's rights of collection of the defaulted obligations and the McCords' right to protect themselves from excessive liability as guarantors do not in our opinion raise any litigable issues warranting trial or adjudication with or without a jury.

It appears that the defendant bank acted justifiably and in protection of its legal rights in seizing the business assets of the defendant partnership and selling the same at public auction in reduction of the large amounts owing on the secured obligations in accordance with the provisions of the Pennsylvania Uniform Commercial Code, and in attempting to execute on the judgments entered on its notes against the real estate of the debtors, James T. Holmes and June B. Holmes, his wife, and that the defendants, P. Blair McCord and W. Hall McCord, limited partners and guarantors with their wives of the bank's obligations on the strength of whose credit the bank advanced the involved funds for use in the general partners' business acted properly and justifiably in asking the bank to close down the business and salvage as much as possible therefrom in liquidating the obligations which they guaranteed and would ulti-mately have to defray, which action they requested only after the considerable losses sustained by the business for a period of years and the mounting defaults on the increased amount of the obligations in greater detail explained in the admissions of the general partners in their depositions.

There is no allegation that the plaintiffs at any time offered to pay the indebtedness or that the seized collateral could have been sold in a sufficient amount to pay them. There was no obligation on the part of the defendants to notify the plaintiffs of their intended taking possession of their collateral and that they knew of the advertised public sale is admitted in the complaint and the depositions. The only specific asset the defendants are alleged to have withheld from the sale they offered to return to the plaintiffs, although the alleged $5,500 value thereof would no where near pay the balance due on the account (Complaint, paragraph 20).

The question before us on this motion for summary judgment is not as argued by the plaintiffs, whether they are able to sustain the burden of proof in their action in trespass and assumpsit for alleged civil conspiracy, but whether under the allegations of the Complaint any actionable unlawful action or seizures on the part of the defendants have been alleged in the Complaint and it is our considered opinion they fell short of the mark.

IT IS ORDERED for the foregoing reasons that the Plaintiffs' Complaint in Trespass and Assumpsit be, and the same hereby is, denied and dismissed.